[No. 11725.   In Bank. — December 23, 1887.]

## ALFRED BAIRD, RESPONDENT, *v.* BOARD OF SUPERVISORS OF TULARE COUNTY, APPELLANTS.

SWAMP AND OVERFLOWED LANDS — REFUNDING PURCHASE PRICE — REPEAL OF ACT OF MARCH 27, 1872. — Section 3 of the act of March 27, 1872, authorizing the board of supervisors of a county to draw a warrant on the county treasurer for the repayment of money paid for the purchase of swamp and overflowed land which afterwards is proved not to have been the property of the state, was repealed by sections 3571 and 3572 of the Political Code.   Under the latter section, as amended in 1878, it is the duty of the county auditor, without any action by the board of supervisors, to draw such warrant.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion.

*W. B. Wallace*, for Appellants.

*Sayle & Harris*, for Respondent.

BELCHER, C. C.—Alfred Baird, the respondent here, made application to the court below for a writ of mandate, commanding the board of supervisors of Tulare County to issue to him a warrant for $105, payable out of the swamp-land fund of that county.

In the petition it is alleged that prior to March 27,

1872, respondent purchased of the state of California 105 acres of swamp-land situate in Tulare County, and paid therefor to the treasurer of that county $105; that the land proved not to have been the property of the state, and thereafter, on the first day of February, 1873, the register of the state land-office issued to respondent his certificate showing the foregoing facts; and that respondent's claim for the repayment of the money was duly and regularly presented to the board of supervisors in June, 1885, and was by the board rejected.

In answer to the petition, the board alleged that it was not authorized to draw any warrant on the treasurer of Tulare County to be paid out of the swamp-land fund of the county.

After trial, the court rendered judgment in favor of the petitioner, finding as a conclusion of law, "that it was the duty of defendant, after being requested by the plaintiff, to have ordered a warrant drawn on the county treasurer of Tulare County for the sum of $105, payable to plaintiff out of the swamp-land fund of said county."

No brief has been filed on behalf of respondent, but we infer that he rested his claim for relief on the supposed authority of section 3 of the "Act for the relief of purchasers of state lands, approved March 27, 1872." (Stats. 1871–72, p. 587.)   That section reads as follows:—

"Whenever the state has issued a certificate of purchase for any land sold as swamp and overflowed, and the United States has sold and issued a patent for the same land, and the title of the United States is held and owned by the purchaser from the state or his assigns, or where the land so purchased from the state shall prove not to have been its property, the amount paid to the state for such land shall be refunded to such purchaser or his assigns, and the board of supervisors of the county in which the land is situated shall draw a warrant on the treasurer of the county for such amount, and the said treasurer shall pay the same out of moneys in the

swamp-land fund of the county credited to such purchaser."

But that section was superseded by the provision of the Political Code. Section 3571 of that code reads:—

" If any land sold is not the property of the state, the holder of the certificate of purchase or patent may receive in exchange therefor from the register a certificate showing the amount paid and the class of land upon which the payment was made."

And section 3572, as amended in 1878, reads:—

" If the land sold was swamp and overflowed, the county auditor of the county in which the land is situated must, upon the surrender to him of the certificate mentioned in section 3571, draw his warrant in favor of the person surrendering such certificate for the amount therein specified, upon the treasurer of the county, who must pay the same out of the swamp and overflowed land fund of the district in which the land is situated."

If the respondent had presented his register's certificate to the board of supervisors and asked for the warrant which he now seeks to obtain, while section 3 of the act of 1872 remained in force, he would have been entitled, upon the facts shown, to have had his claim allowed and the warrant issued to him. But when he presented the certificate, in 1885, the law had been changed, and the board had ceased to have any authority in the matter. He should, therefore, then have presented it to the county auditor, whose duty it had become to draw the warrant without any action of the board.

The judgment should be reversed, and the cause remanded, with directions to the court below to dismiss the petition.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded, with directions to the court below to dismiss the petition.